# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| American Contractors Indemnity Company,<br><br>　　　　　　Plaintiff<br>v.<br><br>Jennifer Sailsbery, et al.,<br><br>　　　　　　Defendants | Case No. 2:19-cv-00148-JAD-BNW<br><br>**Order Denying Motions for Temporary Restraining Order and Preliminary Injunction, and Granting Motion to Strike Answer with Leave**<br><br>[ECF Nos. 10, 18, 19] |

　　　　American Contractors Indemnity Company (ACIC) issued surety bonds for Silver State Mechanical's work on a public-works construction project in Las Vegas, Nevada. As part of the consideration for that guaranty, Silver State's principal, Jennifer Sailsbery, her late husband, and their other company Plumbrx, Inc. promised to indemnify ACIC for its liability under those bonds. Silver State failed to complete its work and had to be replaced, claims have been made against the ACIC bonds, and ACIC sues to enforce the indemnification obligations.[1]

　　　　ACIC now moves for a temporary restraining order and preliminary injunction compelling Sailsbery to deposit $850,000 in collateral security and freezing her assets until she does.[2] Because ACIC has not shown that it will be irreparably harmed in the absence of injunctive relief, I find that these motions are suitable for disposition without a hearing[3] and deny them.

---

[1] ECF No. 1.

[2] ECF Nos. 18, 19. This factual summary is not intended as any finding of fact.

[3] L.R. 78-1.

**Discussion**

**A.  Standard for obtaining a temporary restraining order or preliminary injunction**

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[4] Both are "extraordinary" remedies and "never awarded as of right."[5] As the Supreme Court established in *Winter v. Natural Resources Defense Council, Inc.*, to obtain injunctive relief, the plaintiff must show "that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[6]

**B.  ACIC has not made the showing required for the extraordinary remedy it seeks.**

Even if I assume that ACIC has established all other factors, its request fails because it has not shown that it is likely to suffer irreparable injury in the absence of immediate injunctive relief. ACIC argues that, without "an asset freeze," it will "be unable to avail itself of" its contractual right to have Sailsbery and Plumbrx "post[] collateral" for the claims against the bond.[7] ACIC reaches that conclusion because it believes that the indemnitors "may be dissipating or hiding assets"[8] because "ACIC fears that one or more of the Indemnitors are taking steps to conceal, remove, or dissipate assets in an attempt to avoid their obligations" as

---

[4] *See Stuhlbarg Int'l Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[5] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[6] *Id.* at 20.

[7] ECF No. 19 at 14.

[8] *Id*.

"demonstrated by the refusal of the Indemnitors to sign a stipulation, by which they would require ACIC's consent before they can dispose of assets."[9]

But beliefs and fears are an inadequate foundation for an irreparable-harm finding. "Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."[10] This ACIC has not done. The fact that the indemnitors refused the terms of a stipulation that effectively cedes control over their assets to ACIC is not evidence that they are hiding or dissipating those assets; it is speculation of that motive. "[A] plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief," as "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."[11]

Nor has ACIC shown that it will be without an adequate remedy at law unless the indemnitors are immediately directed to post collateral. ACIC argues that it "bargained for a special security arrangement[ that] requires the posing of collateral by the Indemnitors on demand after any claim or lawsuit is asserted against it under the Bond."[12] "This special security arrangement," it claims, "enhances the surety's ability to be protected in the event of a bond loss."[13] But this "bond loss" is an economic one, and ACIC has not shown that a delay in its reimbursement for the payout of claims against the bond would not be redressable by a money

---

[9] *Id*. at 15–16.
[10] *Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013).
[11] *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (internal citations omitted).
[12] ECF No. 19 at 14.
[13] *Id*.

3

judgment. So I deny ACIC's requests for a temporary restraining order and preliminary injunction.

**C.     ACIC's motion to strike is granted, with leave.**

To help this case move along, I also address one other pending motion—ACIC's motion to strike the answers of entity defendants Silver State, Plumbrx, and the Sailsberys' trust.[14] Those entities' answer was filed by Jennifer Sailsbery, who is not an attorney.[15] Although a person sued individually may represent herself in court, the law has long recognized that artificial entities like Silver State, Plumbrx, and the trust may appear in federal court only through licensed attorneys.[16] So ACIC moves to strike these entities' answer. Because that answer was improperly filed without counsel, I grant the motion and deem the answer[17] ineffective as to Silver State, Plumbrx, and Jennifer Sailsbery in her capacity as trustee for the Sailsbery trust.

But Sailsbery and these entities have since retained counsel, who asks for leave to file a proper answer on their behalf.[18] Good cause appearing, I grant that request. Counsel for defendants has until June 17, 2019, to file a proper answer on behalf of Silver State, Plumbrx, and the trust.

---

[14] ECF No. 10.

[15] ECF No. 9.

[16] *United States v. High Country Broad. Co., Inc*., 3 F.3d 1244, 1245 (9th Cir. 1993) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194 (1993)) (corporations); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987) (trusts).

[17] ECF No. 9.

[18] ECF No. 13.

**Conclusion**

IT IS THEREFORE ORDERED that the motions for temporary restraining order and preliminary injunction **[ECF Nos. 18, 19] are DENIED.**

IT IS FURTHER ORDERED that the motion to strike answer **[ECF No. 10] is GRANTED; the Clerk of Court is directed to STRIKE the answer [ECF No. 9] to the extent that it was filed on behalf of Silver State Mechanical, Inc., Plumbrx, Inc., and Jennifer Sue Sailsbery in her capacity as the trustee of the Sailsbery Asset Protection Trust; it remains effective for Sailsbery in her individual capacity**. Counsel for defendants has until June 17, 2019, to file a proper answer on behalf of Silver State, Plumbrx, and Jennifer Sailsbery in her capacity as Trustee of the Sailsbery Asset Protection Trust.

Dated: June 6, 2019

_____
U.S. District Judge Jennifer A. Dorsey