# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| American Contractors Indemnity Company, | Case No.: 2:19-cv-00148-JAD-BNW |
| Plaintiff | |
| v. | |
| Jennifer Sailsbery; Silver State Mechanical, Inc.; Plumbrx, Inc.; and Jennifer Sue Sailsbery as Trustee of the Sailsbery Asset Protection Trust, | **Order**<br><br>[ECF Nos. 23, 39] |
| Defendants | |

On March 12, 2020, defendant Jennifer Sailsbery filed notice that, six days earlier, she had filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of Utah.[1] The filing of a petition for relief under the Bankruptcy Code commences a bankruptcy case and creates a bankruptcy estate that "is protected by an automatic stay of actions by all entities to collect or recover on claims."[2] "The automatic stay is self-executing, effective upon the filing of the bankruptcy petition."[3] "The scope of the stay is quite broad."[4] "It applies to almost any type of formal or informal action against the debtor or property of the estate."[5] "Any continuation of a collection action against the debtor or property of the estate after a bankruptcy filing constitutes a violation of the stay."[6]

---

[1] ECF No. 41.

[2] *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 746 (9th Cir. 2017) (citing 11 U.S.C. § 362(a)).

[3] *Id.* (quotation omitted).

[4] *Id.* (brackets and quotation omitted).

[5] *Id.* at 746–47 (quotation omitted).

[6] *Id.* at 747.

"Indeed, the Bankruptcy Code requires parties to automatically dismiss or stay such proceeding."[7]

American Contractors Indemnity Company's (ACIC) claims against Sailsbery have been automatically stayed by operation of her bankruptcy petition and 11 U.S.C. § 362(a). It is not clear on this record whether the stay also applies to ACIC's claims against Sailsbery in her capacity as trustee of the Sailsbery Asset Protection Trust. Although it appears that the stay does not extend to ACIC's claims against non-debtor defendants Silver State Mechanical, Inc. and Plumbrx, Inc. What is clear is that Sailsbery's bankruptcy affects ACIC's pending motions and how this case may proceed. To accommodate this change and give ACIC time to marshal its thoughts,

IT IS HEREBY ORDERED that American Contractors Indemnity Company's Motion for Partial Summary Judgment **[ECF No. 23] and** Motion to Strike Answer to Complaint **[ECF No. 39] are DENIED without prejudice** to ACIC's ability to later reurge such relief.

IT IS FURTHER ORDERED that the determination on Magistrate Judge Weksler's Order to Show Cause **[ECF No. 40] is HELD IN ABEYANCE** pending further court order.

IT IS FURTHER ORDERED that American Contractors Indemnity Company must file a brief by **April 30, 2020**, informing the court how it intends to proceed in this case in light of Sailsbery's bankruptcy. The brief must not exceed five pages without prior court approval.

_____
U.S. District Judge Jennifer A. Dorsey
March 30, 2020

---

[7] *Id.* (quotation omitted).